

# NUMBER 13-20-00397-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **TROY CROWNOVER,** | **Appellant,** |
| **v.** | |
| **PAA CONSULTING, LLC,** | **Appellee.** |

### On appeal from the 117th District Court
### of Nueces County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Order Per Curiam

This matter is before the Court on its own motion. The record before the Court fails to illustrate that all claims asserted by or against all parties have been disposed. Appellant attempts to appeal an order entered on August 10, 2020, in which the trial court ordered partial final summary judgment and proports to sever all causes of action between Plaintiff Troy Crownover and Defendant PAA Consulting Inc. The order,

however, fails to provide a new cause number for the severed party.

The record reflects litigation with other parties still pending under the original trial court cause number; furthermore, there is a line in the order where the new cause number, if any, would be written. Under these circumstances, a court of appeals may abate a cause in order to permit clarification by the trial court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 at 206 (stating the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record); *see* Tex. R. App. P. 27.2, 44.3.

Accordingly, we ABATE the appeal and REMAND the cause to the trial court for clarification. Upon remand, the trial court shall address the following:

1. Whether the trial court intended the judgment to be severed, and the new cause number;

2. Whether the trial court intended to completely dispose of all claims and all parties.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. This appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
19th day of November, 2020.